ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

EMMA L. HAMILTON (CA Bar # 325360)
Natural Resources Section
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
Tel: 202-305-5689 | Fax: 505-346-7205
emma.hamilton@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N**, | No. 3:25-cv-363-SI |
| Plaintiff, | **FEDERAL DEFENDANTS'** |
| | **ANSWER TO PLAINTIFF'S** |
| v. | **FIRST AMENDED COMPLAINT** |
| | **[ECF NO. 15]** |
| **JON RABY,** Nevada State Director, | |
| exercising the delegated authority of the | |
| Director of the Bureau of Land | |
| Management, *et al.*, | |
| Federal Defendants. | |

_____

     Federal Defendants the Bureau of Land Management ("BLM"), Barry Bushue, in his

official capacity as State Director of the BLM Oregon/Washington State Office, and the BLM

Page 1 – Federal Defendants' Answer to Plaintiff's First Amended Complaint

Principal Deputy Director answer the allegations in the First Amended Complaint (ECF No. 15) filed by Plaintiff Oregon Natural Desert Association ("Plaintiff"), as follows. The paragraph numbers, headings and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiff's First Amended Complaint, but to the extent those heading or subheadings expressly or implicitly include substantive legal or factual allegations, Federal Defendants deny those allegations.

## "NATURE OF ACTION"

1. The allegations in the first and seventh sentences of Paragraph 1 constitute Plaintiff's characterization of this lawsuit and requested relief to which no response is required; to the extent that a response is required, Federal Defendants deny the allegations, deny any violation of law, and deny that Plaintiff is entitled to any relief. Federal Defendants admit that BLM's 2015 Oregon Greater Sage-Grouse Approved Resource Management Plan Amendment ("2015 ARMPA") and Record of Decision ("ROD") identified fifteen "key Research Natural Areas" that contained plant communities important to sage-grouse and allocated all or portions of them as unavailable to livestock grazing, and deny the remaining allegations in the second sentence of Paragraph 1. The allegations in the third sentence of Paragraph 1 purport to quote BLM in unidentified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants aver that neither the 2015 ARMPA nor the 2015 ROD made any statements about the "minimum number of sites and areas necessary" to provide statistically significant data or "support a coherent research plan." The fifth sentence in Paragraph 1 purports to characterize this Court's holding in *Or. Nat. Desert Ass'n v. Bushue*, 644 F. Supp. 3d 813, 844 (D. Or. 2022), which speaks for itself and is the best evidence of its contents. Federal Defendants admit that

BLM issued a 2025 ARMPA and ROD that modified certain identified aspects of the 2015
ARMPA and ROD, but deny the remaining allegations in the sixth sentence of Paragraph 1.

2. The allegations in the first, second, and third sentences of Paragraph 2 are denied on
the basis that they are overly broad and overly vague, making them inaccurate. Federal
Defendants deny the allegations in the fourth sentence of Paragraph 2.    Federal Defendants
admit that the 2025 ARMPA and ROD do not provide a deadline for making certain portions of
key Research Natural Areas ("RNAs") unavailable to grazing, and deny the remaining
allegations in the fifth sentence of Paragraph 2.

3. The allegations in the first sentence of Paragraph 3 purport to characterize the 2015
ARMPA and ROD, which speak for themselves and are the best evidence of their contents. The
allegations in the second sentence of Paragraph 3 purport to characterize the BLM's 2019
Oregon Greater Sage-Grouse Approved Resource Management Plan Amendment ("2019 BLM
ARMPA") and ROD, which speak for themselves and are the best evidence of their contents.
Federal Defendants deny the allegation in the third sentence of Paragraph 3 that the 2019
ARMPA was "immediately enjoined" and aver that the United States District Court for the
District of Idaho issued a preliminary injunction barring implementation of the 2019 ARMPA
and associated Record of Decision ("ROD") on October 15, 2019, and that preliminary
injunction remains in effect. The allegations in the fourth sentence of Paragraph 3 purport to
characterize BLM's 2025 Greater Sage-Grouse Approved Resource Management Plan
Amendment ("2025 ARMPA") and ROD, which speak for themselves and are the best evidence
of their contents.

4. Federal Defendants deny the allegations in the first sentence of Paragraph 4. The
allegations in the second and third sentences of Paragraph 4 purport to characterize this Court's

2022 order in *Or. Nat. Desert Ass'n v. Bushue*, No. 19-1550-SI (ECF No. 148), which speaks for itself and is the best evidence of its contents.

5. The allegations in the first sentence of Paragraph 5 purport to characterize a stipulated remedy adopted in *Or. Nat. Desert Ass'n v. Bushue*, No. 19-1550-SI (ECF Nos. 177 and 194), which speaks for itself and is the best evidence of its contents. Federal Defendants admit the allegations in the second sentence of Paragraph 5. Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 5.

6. Federal Defendants deny the allegations in the first sentence of Paragraph 6. Federal Defendants deny the allegations in the second and third sentences of Paragraph 6 and aver that key RNAs identified in the 2015 ARMPA and ROD include vegetation communities important to Greater sage-grouse. The allegations in the fourth and fifth sentences of Paragraph 6 purport to characterize the 2025 ARMPA and ROD, which speak for themselves and are the best evidence of their contents.

7. The allegations in Paragraph 7 purport to characterize Secretary of the Interior Order No. 3418 issued February 3, 2025, and the Joint Status Report filed on March 5, 2025, in *Or. Nat. Desert Ass'n v. Bushue*, No. 19-1550-SI (ECF No. 204), which speak for themselves and are the best evidence of their contents.

8. The allegations in Paragraph 8 constitute Plaintiff's characterization of this lawsuit to which no response is required; to the extent that a response is required, Federal Defendants deny the allegations, deny any violation of law, and deny that Plaintiff is entitled to any relief whatsoever.

## **"JURISDICTION, VENUE AND BASIS FOR RELIEF"**

9. The allegations in Paragraph 9 are conclusions of law to which no response is required.

Page  4  – Federal Defendants' Answer to Plaintiff's First Amended Complaint

10. The allegations in Paragraph 10 are conclusions of law and statements regarding venue to which no response is required. To the extent a response is required, Federal Defendants admit that the public lands at issue in in this lawsuit are located in this judicial district.

11. The allegations in Paragraph 11 are conclusions of law to which no response is required.

### "PARTIES"

12. Federal Defendants admit that the Oregon Natural Desert Association provided comments during the scoping period and the public comment period for the 2025 Oregon Greater Sage-Grouse Proposed Resource Management Plan Amendment and 2024 draft environmental impact statement ("EIS") and protested the 2025 proposed RMPA. Federal Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12, and therefore deny them.

13. Federal Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 13, and therefore deny them.

14. Federal Defendants admit that Jon Raby is currently exercising the delegated authority of the BLM Director and that he is a successor to Brian Steed, who was BLM's Deputy Director for Policy and Programs from November 14, 2017, until May 11, 2019. Federal Defendants deny that Brian Steed approved the 2019 ARMPA and aver that Theresa Hanley, the Acting State Director for BLM Oregon/Washington, signed the ROD for the 2019 ARMPA on March 15, 2019. The remaining allegations in Paragraph 14 are Plaintiff's characterization of its case to which no response is required and purport to characterize Fed. R. Civ. P. 25(d), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations.

15. Federal Defendants admit that BLM's Principal Deputy Director signed BLM's 2025 ROD and had the authority to approve the 2025 ARMPA, and that position is currently vacant. The remaining allegations in Paragraph 15 are Plaintiff's characterization of its case to which no response is required and purport to characterize Fed. R. Civ. P. 25(d), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations.

16. Federal Defendants admit that Barry Bushue is currently the State Director of BLM Oregon/Washington and, in that position, is responsible for implementing the 2025 ARMPA. Federal Defendants further admit that Theresa Hanley, the Acting State Director for BLM Oregon/Washington, signed the ROD for the 2019 ARMPA on March 15, 2019.

17. Federal Defendants admit the allegations in Paragraph 17.

## "STATEMENT OF FACTS"

18. Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 18. The remaining allegations in Paragraph 18 are denied on the basis that they are overly broad and overly vague, making them inaccurate, and represent Plaintiff's characterization of data.

19. Federal Defendants deny the allegations in the second sentence of Paragraph 19. The remaining allegations in Paragraph 19 are overly vague and Federal Defendants deny them on that basis

20. Federal Defendants deny the first sentence of Paragraph 20. Federal Defendants admit that improperly managed livestock grazing, energy development and transmission, and motorized transportation networks can adversely impact sage-grouse habitat. Federal Defendants admit the allegations in the third sentence of Paragraph 20. The remaining allegations in this

Paragraph are denied on the basis that they are overly broad and overly vague, making them inaccurate.

21. Federal Defendants deny the allegations in Paragraph 21.

22. The allegations in the first and second sentences of Paragraph 22 purport to characterize the U.S. Fish and Wildlife Service's ("FWS") 2015 12-Month Finding on a Petition To List Greater Sage-Grouse (Centrocercus urophasianus) as an Endangered or Threatened Species, 80 Fed. Reg. 29,858 (Oct. 2, 2015) ("12-Month Finding"), which speaks for itself and is the best evidence of its contents. The third sentence of Paragraph 22 purports to characterize *W. Watersheds Proj. v. U.S. Fish and Wildlife Serv.*, 535 F. Supp. 2d 1173 (D. Idaho 2007), which speaks for itself and is the best evidence of its contents.

23. The allegations in Paragraph 23 purport to characterize the FWS's 2010 12-Month Finding, 75 Fed. Reg. 13,910 (Mar. 23, 2010), which speaks for itself and is the best evidence of its contents.

24. The allegations in the first sentence of Paragraph 24 purport to characterize the FWS's 2010 12-Month Finding, 75 Fed. Reg. 13,910 (Mar. 23, 2010), which speaks for itself and is the best evidence of its contents. The allegations in the second and third sentence purport to characterize a report by the U.S. Geological Survey titled Ecology and Conservation of Greater Sage-grouse: A Landscape Species and its Habitats, which speaks for itself and is the best evidence of its contents.

25. The allegations in Paragraph 25 purport to characterize the National Technical Team's Report on National Greater Sage-grouse Conservation Measures ("NTT Report"), which speaks for itself and is the best evidence of its contents.

26. The allegations in Paragraph 26 purport to characterize the NTT Report, which speaks for itself and is the best evidence of its contents.

27. The allegations in Paragraph 27 purport to characterize the Conservation Objectives Team Report ("COT Report"), which speaks for itself and is the best evidence of its contents.

28. The allegations in Paragraph 28 purport to characterize BLM's 2015 Greater Sage-Grouse Approved Resource Management Plan Amendments, which speak for themselves and are the best evidence of their contents.

29. The allegations in Paragraph 29 purport to characterize BLM's 2015 Greater Sage-Grouse Approved Resource Management Plan Amendments, which speak for themselves and are the best evidence of their contents.

30. The allegations in Paragraph 30 purport to characterize BLM's 2015 Oregon Greater Sage-Grouse Approved Resource Management Plan Amendment, which speaks for itself and is the best evidence of its contents.

31. The allegations in Paragraph 31 purport to characterize BLM's 2015 Greater Sage-Grouse Approved Resource Management Plan Amendment, final environmental impact statement, and associated record of decision, which speak for themselves and are the best evidence of their contents.

32. Federal Defendants deny the allegations in Paragraph 32.

33. The allegations in the first sentence of Paragraph 33 purport to characterize and quote from the 2018 Oregon Greater Sage-Grouse Proposed Resource Management Plan Amendment and Final Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 33 purport to characterize the 2015

Oregon Greater Sage-Grouse Approved Resource Management Plan Amendment, which speaks for itself and is the best evidence of its contents.

34. Federal Defendants deny the allegations in the first sentence of Paragraph 34. The remaining allegations in paragraph 34 purport to characterize Secretary's Order No. 3353 issued on June 7, 2017, and an August 4, 2017, Department of the Interior Report in Response to Secretarial Order 3353, which speak for themselves and are the best evidence of their contents.

35. The allegations in the first sentence of Paragraph 35 purport to characterize BLM's Notice of Intent to Amend Land Use Plans Regarding Greater Sage-Grouse Conservation and Prepare Associated Environmental Impact Statements or Environmental Assessments, 82 Fed. Reg. 47428 (Oct. 11, 2017), which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 35 purport to characterize BLM's Notice of Cancellation of Withdrawal Application and Withdrawal Proposal and Notice of Termination of Environmental Impact Statement for Sagebrush Focal Area Withdrawal in Idaho, Montana, Nevada, Oregon, Utah and Wyoming, 82 Fed. Reg. 47248 (Oct. 11, 2017), which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 35 purport to characterize a Deputy Secretary's Order No. 3360 issued on December 22, 2017, which speaks for itself and is the best evidence of its contents.

36. Federal Defendants admit the allegations in the first and fifth sentences of Paragraph 36. The allegations in the second sentence of Paragraph 36 purport to characterize and quote from Secretarial Order 3345 (Jan. 19, 2017), which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 36 purport to characterize and quote from Secretarial Order 3345 Amendment 1 (Jan. 20, 2017), which speaks for itself and is

the best evidence of its contents. The remaining allegations in Paragraph 36 are denied on the basis that they are overly broad and overly vague, making them inaccurate.

37. The allegations in the first sentence of Paragraph 37 purport to characterize and quote from Order No. 3345 (January 19, 207), Order No. 3345 Amendment 2 (March 15, 2017), Order No 3345 Amendment 12 (November 14, 2017), Order No. 3345 Amendment 26 (May 11, 2019, and Order No. 3345 Amendment 28 (July 29, 2019). The allegations in the second sentence of Paragraph 37 purport to characterize and quote from Secretarial Order 3345, Amendment 32, which speaks for itself and is the best evidence of its contents.

38. Federal Defendants admit the allegations in the first and second sentences of Paragraph 38. Federal Defendants further admit that ONDA asked BLM to consider winter habitat and genetic connectivity in its 2018 planning process. The remaining allegations in this Paragraph are denied on the basis that they are overly broad and overly vague, making them inaccurate.

39. The allegations in Paragraph 39 purport to characterize a letter dated August 2, 2018, submitted by ONDA and several other groups to the BLM containing comments on the Oregon Greater Sage-Grouse Draft Resource Management Plan Amendment and Environmental Impact Statement and a Freedom of Information Act Request, number DO-BLM-2024-000658, which speaks for itself and is the best evidence of its contents.

40. The allegations in Paragraph 40 purport to characterize ONDA's comments on the Oregon Greater Sage-Grouse Draft Resource Management Plan Amendment and Environmental Impact Statement, which speak for themselves and are the best evidence of their contents.

41. Federal Defendants admit the allegations in the first sentence of Paragraph 41 and deny the allegations in the second sentence of Paragraph 41.

42. Federal Defendants admit the allegations in the first sentence of Paragraph 42. The allegations in the second sentence of paragraph 42 purport to characterize ONDA and other conservation groups' administrative protests, which speak for themselves and are the best evidence of their contents.

43. Federal Defendants admit the allegations in the first, second, and fifth sentences of Paragraph 43. The allegations in the third and fourth sentences of Paragraph 43 purport to characterize BLM's planning regulations at 43 C.F.R. §§ 1610.3-2(e), 1610.5-2(a)(3), which speak for themselves and are the best evidence of their contents.

44. The allegations in the first and second sentences of Paragraph 44 purport to characterize the 2019 Oregon Greater Sage-Grouse Record of Decision and Approved Resource Management Plan Amendment, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 44 purport to characterize the complaint filed in *Or. Nat. Desert Ass'n et al. v. Bushue*, No. 19-1550-SI (D. Or.), which speaks for itself and is the best evidence of its contents.

45. The allegations in the first two sentences of Paragraph 45 purport to characterize and quote from *W. Watersheds Proj. v. Schneider*, 417 F.Supp. 3d 1319 (D. Id 2019), which speaks for itself and is the best evidence of its contents. Federal Defendants admit the allegations in the third sentence of Paragraph 45.

46. The allegations in Paragraph 46 constitute Plaintiff's characterization of this lawsuit to which no response is required; to the extent that a response is required, Federal Defendants admit that resolution of ONDA's claims challenging the 2019 ARMPA have been effectively stayed following the District of Idaho's injunction and deny the allegations and any violation of law.

47. Federal Defendants deny the allegations in Paragraph 47.

48. Federal Defendants admit that Plaintiff amended its complaint and moved for partial summary judgment in *Bushue*, but deny the remaining allegations in the first sentence of Paragraph 48. The allegations in the second and third sentences of Paragraph 48 purport to characterize and quote from this Court's Opinion and Order, 19-1550-ECF 148, which speaks for itself and is the best evidence of its contents.

49. The allegations in the first sentence of Paragraph 49 purport to characterize the Stipulated Remedy adopted by this Court in *Bushue*, 19-1550 ECF 177, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 49 purport to characterize a Joint Report submitted by Plaintiff and BLM in *Bushue*, 19-1550 ECF 191, which speaks for itself and is the best evidence of its contents.

50. Federal Defendants admit that in 2023 and 2024, the BLM made available for public comment under NEPA six proposed actions in Key RNAs in the BLM's Vale and Lakeview districts identified in the 2015 ARMPA. The remaining allegations in the first sentence purport to characterize the 2015 ARMPA, which speaks for itself and is the best evidence of its contents.. Federal Defendants deny the allegations in the second sentence of Paragraph 50 and avers that BLM issued a final decision authorizing construction of fencing around the west portion of the Foley Lake key RNA. The allegations in the third sentence of Paragraph 50 purport to characterize BLM's ePlanning website, which speaks for itself and is the best evidence of its contents.

51. Federal Defendants admit the allegations in the first sentence of Paragraph 51. The allegations in the second, third, fourth, fifth, and sixth sentences purport to characterize and

quote from the 2024 Oregon Greater Sage-Grouse Rangewide Planning Proposed Resource Management Plan Amendment and Final Environmental Impact Statement, which speaks for itself and is the best evidence of its contents.

52. Federal Defendants admit the allegations in the first sentence of Paragraph 52. The allegations in the second sentence of Paragraph 52 purport to characterize ONDA's administrative protest, which speaks for itself and is the best evidence of its contents.

53. Federal Defendants admit that BLM published the BLM Director's Protest Resolution Report on January 10, 2025. The remaining allegations in the first and second sentences of Paragraph 53 purport to characterize the BLM Director's Protest Resolution Report, which speaks for itself and is the best evidence of its contents. The allegations in the third, fourth, and fifth sentences purport to characterize Plaintiff's protest letter dated December 17, 2024, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the sixth sentence of Paragraph 53.

54. The allegations in the first sentence of paragraph 54 purport to characterize the BLM's Protest Resolution Report and the Record of Decision adopting the 2025 ARMPA, which speak for themselves and are the best evidence of their contents. Federal Defendants admit the allegations in the second and third sentences of Paragraph 54.

55. Federal Defendants deny the allegations in Paragraph 55.

56. The allegations in paragraph 56 purport to characterize the 2025 Oregon Greater Sage-Grouse Rangewide Planning Record of Decision and Approved Resource Management Plan Amendment, which speaks for itself and is the best evidence of its contents.

57. The allegations in the first and second sentences Paragraph 57 purport to characterize and quote from the 2018 Oregon Greater Sage-Grouse Proposed Resource Management Plan

Amendment and Final Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the third sentence of Paragraph 57 and deny any violation of law.

58. The allegations in the first, second, and third sentences of Paragraph 58 purport to characterize and quote from the Federal Land Policy and Management Act, 43 U.S.C. §§ 1701(a)(8), 1702(c), 1732(a), which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of Paragraph 58 purport to characterize and quote from the Conservation and Landscape Health Final Rule, 89 Fed. Reg. 40308 (May 9, 2024), which speaks for itself and is the best evidence of its contents.

59. The allegations in the first and second sentences of Paragraph 59 purport to characterize and quote from the 2025 Oregon Greater Sage-Grouse Rangewide Planning Record of Decision and Approved Resource Management Plan Amendment, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 59 purport to characterize and quote from the 2015 Oregon Greater Sage-Grouse Approved Resource Management Plan Amendment, which speaks for itself and is the best evidence of its contents

60. The allegations in the first sentence of Paragraph 60 purport to characterize the 2025 Oregon Greater Sage-Grouse Rangewide Planning Record of Decision and Approved Resource Management Plan Amendment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the second, third, and fourth sentences of Paragraph 60.

61. The allegations in Paragraph 61 purport to characterize the 2025 Oregon Greater Sage-Grouse Rangewide Planning Record of Decision and Approved Resource Management

Plan Amendment and the 2024 final Environmental Impact Statement, which speak for themselves and are the best evidence of their contents.

62. The allegations in the first sentence of Paragraph 62 purport to characterize the 2025 Oregon Greater Sage-Grouse Rangewide Planning Record of Decision and Approved Resource Management Plan Amendment, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 62 purport to characterize and quote from BLM's Management Area regulations, 43 C.F.R. Part 8350, which speak for themselves and are the best evidence of their contents.

63. The allegations in the first sentence of Paragraph 63 purport to characterize the 2024 Oregon Greater Sage-Grouse Rangewide Planning Proposed Resource Management Plan Amendment and Final Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. The allegations in the second and third sentences of Paragraph 63 purport to characterize ONDA's comments on that document, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the fourth sentence of Paragraph 63.

64. The allegations in the first sentence of Paragraph 64 purport to characterize and quote the 2024 Proposed Resource Management Plan Amendment and Final Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the second sentence of Paragraph 64. The allegations in the third and fourth sentences of Paragraph 64 purport to characterize and quote the COT Report, which speaks for itself and is the best evidence of its contents.

65. Federal Defendants admit that BLM has not yet completed implementation of all the key RNA closures identified in the 2015 ARMPA.

66. Federal Defendants deny the allegations in Paragraph 66.

## "FIRST CLAIM FOR RELIEF – 2025 ARMPA VIOLATION OF THE FEDERAL LAND POLICY MANAGEMENT ACT AND ADMINISTRATIVE PROCEDURE ACT"

67. Federal Defendants restate and incorporate by reference all preceding answers. As to the first sentence of Paragraph 67, Federal Defendants admit that, through its January 15, 2025 Record of Decision, BLM issued the 2025 Approved Resource Management Plan Amendment for Oregon, which amends the 2015 and 2019 Plan Amendments. Federal Defendants admit the allegations in the second sentence of Paragraph 67.

68. Federal Defendants deny the allegations in Paragraph 68 and aver that BLM has conducted site-specific field work and begun evaluating the environmental effects of alternative methods and configurations of the closures, both of which are necessary prerequisites to effectuating the livestock allocations contained in either the 2015 or 2025 ARMPAs and RODs.

69. The allegations in Paragraph 69 purport to characterize and quote the Administrative Procedure Act ("APA"), 5 UCS §§ 706(2)(A), (D), which speaks for itself and is the best evidence of its contents.

70. Federal Defendants deny the allegations in Paragraph 70 and deny any violation of law.

71. Federal Defendants admit that the 2025 Approved Resource Management Plan Amendment for Oregon became final after BLM's resolution of the administrative protests to the proposed amendment and upon BLM's issuance of the January 15, 2025 Record of Decision. Federal Defendants deny the remaining allegations in Paragraph 71.

72. The allegations in Paragraph 72 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

### "SECOND CLAIM FOR RELIEF – 2025 ARMPA: VIOLATION OF THE NATIONAL ENVIRONMENTAL POLICY ACT AND ADMINISTRATIVE PROCEDURE ACT"

73. Federal Defendants restate and incorporate by reference all preceding answers.

74. Federal Defendants deny the allegations in Paragraph 74 and deny any violation of law.

75. The allegations in Paragraph 75 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

### "THIRD CLAIM FOR RELIEF – 2019 ARMPA: VIOLATION OF THE NATIONAL ENVIRONMENTAL POLICY ACT AND ADMINISTRATIVE PROCEDURE ACT"

76. Federal Defendants restate and incorporate by reference all preceding answers.

77. Federal Defendants deny the allegations in Paragraph 77 and deny any violation of law.

78. Federal Defendants deny the allegations in Paragraph 78 and deny any violation of law.

79. Federal Defendants deny the allegations in Paragraph 79 and deny any violation of law.

80. The allegations in Paragraph 80 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

## "FOURTH CLAIM FOR RELIEF – 2019 ARMPA VIOLATION OF THE FEDERAL LAND POLICY MANAGEMENT ACT"

81. Federal Defendants restate and incorporate by reference all preceding answers.

82. The allegations in Paragraph 82 purport to characterize and quote the Federal Land Policy Management Act ("FLPMA") and its implementing regulations, 43 U.S.C. §§ 1701(a)(8), 1712(a)-(c), 1732(a); 43 C.F.R. § 1610.5-5, which speak for themselves and are the best evidence of their contents.

83. The allegations in Paragraph 83 purport to characterize and quote FLPMA, 43 U.S.C. §§ 1702(c), 1711(a), 1732(a), (b), which speaks for itself and is the best evidence of its contents.

84. The allegations in Paragraph 84 purport to characterize and quote FLPMA, 43 U.S.C. §§ 1702(a), 1711(a), 1712(c)(3), which speaks for itself and is the best evidence of its contents.

85. The allegations in the first sentence of Paragraph 85 purports to characterize BLM's policy on Resource Natural Areas, BLM Manual Supplement 1623 (10/01/87), which speaks for itself and is the best evidence of its contents. The allegations in the second and third sentences of Paragraph 85 purport to characterize and quote BLM's regulations on Research Natural Areas, 43 C.F.R. §§ 8223.0-5(a), 8223.1(b), (c), which speak for themselves and are the best evidence of their contents.

86. Federal Defendants deny the allegations in Paragraph 86 and deny any violation of law.

87. Federal Defendants deny the allegations in Paragraph 86 and deny any violation of law.

88. Federal Defendants deny the allegations in Paragraph 88 and deny any violation of law.

89. The allegations in Paragraph 89 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

### "FIFTH CLAIM FOR RELIEF – 2019 VIOLATION OF THE UNITED STATES CONSTITUTION, THE FEDERAL VACANCIES REFORM ACT, AND THE ADMINISTRATIVE PROCEDURE ACT"

90. Federal Defendants restate and incorporate by reference all preceding answers.

91. Federal Defendants deny the allegations in Paragraph 91 and deny any violation of law.

92. The allegations in Paragraph 92 purport to characterize and quote the United States Constitution, U.S. Const. art. II, § 2, cl. 2, which speaks for itself and is the best evidence of its contents.

93. The allegations in Paragraph 93 constitute conclusions of law, to which no response is required.

94. The allegations in Paragraph 94 purport to characterize and quote the Federal Vacancies Reform Act, 5 U.S.C. § 3347(a), which speaks for itself and is the best evidence of its contents.

95. The allegations in Paragraph 95 purport to characterize the Federal Vacancies Reform Act, 5 U.S.C. § 3345(a)(1)-(2), (b), 3346(a), which speaks for itself and is the best evidence of its contents.

96. The allegations in Paragraph 96 purport to characterize and quote the Federal Vacancies Reform Act, 5 U.S.C. § 3348(a)(2)(A)-(B), (d)(1)-(2), which speaks for itself and is the best evidence of its contents.

97. The allegations in the first and second sentences of Paragraph 97 purport to characterize the Secretary's Order 3345, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in the third sentence and deny any violation of law.

98. Federal Defendants deny the allegations in Paragraph 98 and deny any violation of law.

99. Federal Defendants deny the allegations in Paragraph 99 and deny any violation of law.

100. The allegations in Paragraph 100 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

101. The allegations in Paragraph 101 purport to characterize and quote the APA, 5 U.S.C. § 706(2)(A), (B), (D), which speaks for itself and is the best evidence of its contents.

102. The allegations in the first clause of Paragraph 102 purport to characterize the 2019 Oregon ARMPA, which speaks for itself and is the best evidence of its contents. Federal Defendants admit that the 2019 Oregon ARMPA was issued while Brian Steed was the BLM Deputy Director for Policy and Programs. Federal Defendants deny the allegations in the last clause of Paragraph 102 and aver that the 2019 Oregon ARMPA became effective when the Acting State Director signed the ROD on March 15, 2019.

103. The allegations in Paragraph 103 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

**"PRAYER FOR RELIEF"**

The remaining allegations set forth in the First Amended Complaint (pages 37-38) consist of Plaintiff's prayers for relief, to which no response is required. To the extent a response is deemed required, Federal Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

Federal Defendants deny any and all allegations in the First Amended Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

**DEFENSES**

1. Some or all of the claims in the First Amended Complaint are not justiciable.

2. Some or all of the claims in the First Amended Complaint are moot or not ripe.

3. Plaintiff fails to state a claim upon which relief may be granted for some or all of the claims in the First Amended Complaint.


Dated this 4th day of June, 2025.

                                      Respectfully submitted,


                                      ADAM R.F. GUSTAFSON
                                      Acting Assistant Attorney General
                                      Environment & Natural Resources Division
                                      United States Department of Justice

                                      */s/ Emma L. Hamilton*
                                      EMMA L. HAMILTON (CA Bar No. 325360)
                                      Trial Attorney
                                      Environment and Natural Resources Division
                                      United States Department of Justice
                                      c/o United States Attorney's Office

201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
Phone: (202) 305-5689
emma.hamilton@usdoj.gov

*Attorney for Defendants*